IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| VISHAL PATEL, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 3:16cv108–HEH |
| ) | |
| QUICK-WAY RETAIL ASSOCIATES ) | |
| II, LTD., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**
(Motion for Jury Trial)

THIS MATTER is before the Court on Plaintiffs Vishal Patel's ("Patel") and Nadiad, Inc.'s ("Nadiad") "Motion To Recognize That Case Was To Be Set On State Court Jury Docket Prior To Removal" (ECF No. 10) in which Plaintiffs ask this Court to "enter an Order that the case was removed as a case to be tried by a jury." The Court construes Plaintiffs' Motion as seeking to have this case tried by a jury. For the reasons set forth below, the Court will deny Plaintiffs' Motion.

On February 22, 2016, Defendants Quick-Way Retail Associates II, Empire Petroleum Partners, and Sunoco North Carolina Acquisitions II (collectively "Defendants") removed this case from the Circuit Court for the City of Richmond to this Court. On May 5, 2016, the Court held an initial pretrial conference with the parties. Because neither the Complaint nor the Counterclaims contained any jury demand, this Court set the case for a bench trial. The Court informed counsel for Plaintiffs that should

they wish to have this matter tried by a jury, counsel could file a motion seeking such relief.

Plaintiffs represent that shortly after filing of the Complaint in Circuit Court for the City of Richmond, counsel noticed that a demand for a jury trial had been inadvertently omitted. On January 27, 2016, Plaintiffs mailed a "request/demand" for a jury trial to the clerk of court, which was received on February 1, 2016. Plaintiffs had the "request/demand" served on Defendants' registered agents between February 3, 2016, and February 5, 2016. Accordingly, Plaintiffs believe that they timely and properly set the case for a jury trial in state court.

Plaintiffs argue that "[i]f the case was on the correct tract to be on the jury docket in state court, then that is the stage at which the case was removed and the compliance with state law should be binding on the District Court." Defendants oppose Plaintiffs' Motion on two grounds. First, Defendants argue that Plaintiffs have failed to comply with the Federal Rules of Civil Procedure in making a jury demand. Alternatively, even if Plaintiffs properly made a jury demand, any demand is inappropriate because Plaintiffs waived their right to a jury. The Court agrees that even assuming, *arguendo*, Plaintiffs made a jury demand, they have waived their right to a jury in this matter.

The Complaint in this case focuses on three contracts executed by the parties in connection with the operation of a gas station and convenience store in Ashland, Virginia. Nadiad, by Patel, and Sunoco North Carolina Acquisition II, by Empire Petroleum Partners, entered into a Lease Agreement (ECF No. 13-2) for the property in Ashland. Nadiad, by Patel, and Quick Way Retail Associates II, executed a Consignment

2

Agreement (ECF No. 13-3) for the consignment and distribution of petroleum products. Finally, Patel signed a Personal Guaranty (ECF No. 13-4) in which he personally guaranteed Nadiad's obligations under the Lease Agreement and the Consignment Agreement. Each contract contains a provision that the parties agreed to waive their right to a jury trial in connection with disputes arising out of the agreements. Count I alleges Defendants fraudulently induced Plaintiffs to enter into the contracts generally. Count II seeks punitive damages.

The Seventh Amendment guarantees a right to a jury trial in civil cases. U.S. Const. amend. VII.[1] A party, however, may waive this right by contract. *Leasing Serv. Corp. v. Crane*, 804 F.2d 828, 832 (4th Cir. 1986). To constitute a valid waiver, it must be knowing, intentional, voluntarily, and informed. *Id.* at 832–33. Courts consider the parties' negotiations concerning the waiver, the relative bargaining power of the parties, the conspicuousness of the provision in the contract, and whether the waiving party's counsel had an opportunity to review the agreement. *Zaklit v. Global Linguist Solutions, LLC*, 53 F. Supp. 3d 835, 855 (E.D. Va. 2014).

First, the parties do not appear to have had any substantive discussion regarding the inclusion of the jury trial waiver provisions. The parties also appear to have been on about equal footing with regard to such negotiations.

Plaintiffs argue the parties were not coequals during the bargaining process, characterizing the contracts as ones of adhesion. (Pls.' Resp. to Defs.' New Mot.

---

[1] Federal law governs the right to a jury trial in federal court. *See Simler v. Conner*, 372 U.S. 221, 222 (1963) (stating federal law controls to insure uniformity in exercise of Seventh Amendment).

3

Contained in Defs.' Resp. to Pls. [sic] Simple Mot. to Recognise [sic] the Jury Status of the Removed Case in Virginia State Court ("Pls.' Resp.") 7, ECF No. 15.)[2] "Under Virginia law, a contract of adhesion is a standard form contract, prepared by one party and presented to a weaker party, usually a consumer, who has no bargaining power and little or no choice about the terms." *Green v. Zachry Indus., Inc.*, 36 F. Supp. 3d 669, 676 (W.D. Va. 2014) (quoting *Philyaw v. Platinum Enters., Inc.*, 54 Va. Cir. 364, 366 (2001)) (internal quotation marks omitted). Take-it-or-leave-it terms, however, do not render a jury waiver provision invalid per se. *See Dunkin' Donuts Franchised Rests. LLC v. Manassas Donut Inc.*, 2008 WL 110474, at *2 (E.D. Va. Jan. 8, 2008) ("Courts have found waivers knowing and voluntary even in the context of franchise agreements, where contractual terms are often non-negotiable and where there may be a slight disparity of bargaining power between the parties.").

Additionally, Plaintiff characterizes the relationship of the parties as one between an unsophisticated convenience store clerk and sophisticated corporations. Plaintiffs, however, were not under any obligation to enter into the contracts, and Patel could have

---

[2] Defendants stated in their Opposition brief that "in the alternative, any state Jury Demand . . . should be stricken." In response, Plaintiffs stated that the waiver argument went "beyond the scope of the original motion." (Pls.' Reply in Supp. of the Entry of an Order Placing Case on the Jury Docket & Notice of Pls.' Right to Respond to Defs.' New Mot. Within the 11 Days Called for in the Local Rules 2, ECF No. 14.) Rather than addressing the merits in reply, Plaintiffs decided to treat the waiver argument as a "new motion[]" that Defendants had "hidden in their response." (*Id.*) Plaintiffs then informed the Court that they would file a separate response in accordance with the Local Rules. (*Id.*) While the Court took Defendants' waiver argument as a basis to deny Plaintiff's original motion for a jury demand, the Court waited for Plaintiffs' response before rendering judgment. The Court reminds counsel of Local Rule 7(F), which generally limits briefing to only a motion and supporting brief, an opposition brief, and a reply brief. "No further briefs . . . may be filed without first obtaining leave of Court." E.D. Va. Loc. R. 7(F)(1). Counsel should seek leave to file any additional briefs rather than simply informing the Court that counsel would be doing so.

4

remained employed elsewhere rather than simply signing the contracts and attempting to start a business.

Next, each waiver appears conspicuously within each contract. While most of the Lease Agreement appears to be in the same font and size with bolding sporadically throughout, that contract sets out the jury trial waiver provision in all capital letters and bolded text. The Personal Guaranty presents its jury trial waiver provision in the same manner. Although not bolded, the Consignment Agreement similarly sets forth the waiver of jury trial in all capital letters.

Finally, each jury trial waiver specifically acknowledges that the parties "had the opportunity to discuss this [agreement] with legal counsel." Moreover, the Personal Guaranty contains this statement on the same page as and immediately above Patel's signature. Despite Plaintiffs' unsupported protestation that they were not afforded the opportunity to confer with legal counsel, the contracts state—one directly above Patel's signature—that Plaintiffs did. If Plaintiffs ultimately chose not to confer with counsel, they did so at their own peril. Taken together, the Court finds that the parties knowingly, intentionally, and voluntarily waived their right to a jury trial under these contracts.

While the factors show that Plaintiffs voluntarily waived their right to a jury trial and Plaintiffs do not attack the specific waiver provisions' inclusion as the subject of fraud, Plaintiffs state that "[i]f it should be found that plaintiffs have a duty to make a specific written allegation in the Complaint that the inclusion of the waivers . . . are a part of the fraudulent scheme of the defendants, plaintiffs proffer the motion to add that

5

allegation to their Complaint." (Pls.' Resp. 4.)[3] Notwithstanding that Plaintiffs failed to attempt to make such an argument until their fourth filing related to their original Motion, as stated by Plaintiff:

> Of course a neophyte, not really a person in business but a convenience store employee[,] could be induced to leap at the chance to try his hand at a business that was claimed to have average production of inside sales, less lottery and fuel, of $75,000 per month. *That is how the plaintiffs were wrongfully lured to Virginia.*

(Pls.' Resp. 8 (emphasis added).) Plaintiffs contend that false statements about monetary success served as the basis for entering into the contracts. Plaintiffs offer nothing past conclusory statements that these allegedly false statements played any role in the inclusion of the jury trial waivers. "A party's contractual jury trial waiver is generally enforced unless a party alleges that its agreement to waive its jury trial right was *itself* induced by fraud." *Zaklit*, 53 F. Supp. 3d at 856–57 (quoting *Terry Phillips Sales, Inc. v. SunTrust Bank*, 2014 WL 670838, at *7 (E.D. Va. Feb. 20, 2014)) (internal quotation marks omitted). Because Plaintiffs' allegations of fraud speak to the contract as a whole and not specifically to the inclusion of the jury trial waiver, Plaintiffs' argument fails.[4]

Finally, Plaintiffs ask for an evidentiary hearing on whether they intelligently and voluntarily waived their right to a jury. Throughout briefing, the gravamen of Plaintiffs' argument has been that this case was set for a jury trial in state court and that Defendants

---

[3] If Plaintiffs wish to add that allegation to the Complaint, they should move to amend the Complaint in accordance with the Federal Rules of Civil Procedure and Local Rules.

[4] Further, each waiver acknowledges that neither Plaintiffs nor Defendants made any representation of fact to induce the waiver. Other than conclusory statements, Plaintiffs offer no evidence to rebut the terms of the agreements.

fraudulently induced Plaintiffs into the contracts as a whole. Plaintiffs have argued inapposite case law and offered no evidence in support of the conclusory accusation that fraud induced the inclusion of the jury trial waivers in the contracts.[5] Accordingly, the Court is satisfied that briefing adequately presents the issues and a hearing would not aid in the decision-making process.

Accordingly, because Plaintiffs have waived their right to a jury trial, the Court will deny Plaintiffs' "Motion To Recognize That Case Was To Be Set On State Court Jury Docket Prior To Removal" (ECF No. 10). This matter will be tried without a jury.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: June 21, 2016
Richmond, Virginia

---

[5] As summarized by Defendants, Plaintiffs have offered "no affidavit, testimony, or any other exhibit to dispute the express acknowledgments in the agreements that (1) Plaintiffs had the opportunity to discuss the agreements with counsel and (2) no person acting on behalf of Defendants made any representations of fact to induce the waiver of a jury trial." (Defs.' Reply to Pls.' Resp. 4, ECF No. 16).

7